```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-20084-CIV-LENARD
                              MAGISTRATE JUDGE P.A. WHITE

SEBURT NELSON CONNOR,     :

     Plaintiff,           :

v.                        :    REPORT RE TRANSFER
                                 TO CORRECT VENUE
RANDALL L. MOBLEY et al   :         (DE#2)

     Defendant(s).        :
_____
```

Seburt Nelson Connor, a state prisoner currently confined at Union Correction Institution (CI), has filed a pro se civil rights complaint alleging claims which arose out of conditions or events at Union CI in Raiford, Florida. The plaintiff essentially alleges that he is being harassed by guards, who wish to kill him.[1] He seeks $500,000,000 in damages. Union CI is an institution located in Union County in the Middle District of Florida.

The appropriate venue provision in this case is 28 U.S.C. §1391(b). Clark v. Harp, 737 F.Supp. 676 (D. D.C. 1990); Harley v. Oliver, 400 F.Supp. 105 (W.D. Ark. 1975). That section provides in relevant part that a case not based on diversity of citizenship should be brought in the judicial district where any defendant resides or where a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated.

---

[1] The plaintiff claims guards have fractured his skull, he lost a testicle from prison abuse, has a chest plate, had his teeth kicked out and his jaw bone broken. He further claims he is falsely imprisoned.

This case has no connection with the Southern District of Florida, and it is therefore recommended that the Clerk be directed to transfer it to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. §1406(a).

The Court notes that this plaintiff is a multiple filer who has filed the following cases in this Court, and will most likely be barred pursuant to 28 U.S.C. §1915(g) from proceeding <u>in forma pauperis</u> in the Middle District:[2]

1.  <u>Connor v. Crosby, et al.</u>
    3:99cv1222 (Middle Dist. Fl./Jacksonville Div.)
    §1983
    ➜ Dismissed; failure to state a claim; 12/17/99.

2.  <u>Connor v. Lando, et al.</u>
    00-491-Civ-Seitz
    §1983; attack on multiple state convictions.
    ➜ Dismissed, failure to state a claim; 3/14/00.
    Appeal No. 01-13467-C dismissed as
      untimely, 1/23/02.

3.  <u>Connor v. State of Florida, et al.</u>
    01-933-Civ-Moore
    §1983; attack on multiple state convictions.
    ➜ Dismissed, failure to state a claim; 4/12/01.

4.  <u>Connor v. Lando, et al.</u>
    01-4222-Civ-King
    §1983; attack on multiple state convictions.
    ➜ Dismissed, failure to state claim, 11/20/01.

5.  <u>Connor v. Young</u>
    3:01cv1215 (Middle Dist. Fl./Jacksonville Div.)
    §1983

---

[2]The Court may wish to dismiss this plaintiff's complaint pursuant to 28 U.S.C. §1915(g) and not transfer this case to the Middle Division, however technically jurisdiction lies with the United States District Court of the Middle District of Florida.

        Dismissed without prejudice 10/29/01.

6. <u>Connor v. Butterworth, et al.</u>
   01-4440-Civ-Lenard
   §1983; Attack on Dade conviction.
   Dismissed; lack of prosecution, 4/24/02.

7. <u>Connor v. Zenobi</u>
   02-22006-Civ-Moore
   §1983; Suit against lawyer.
   Dismissed; 1915(g) 8/1/02.

8. <u>Connor v. Lando</u>, et al.,
   03-22427-Civ-Ungaro-Benages
   §1983; Multiple claims
   Dismissed: 1915(g) 10/24/03.

This plaintiff has been barred pursuant to 28 U.S.C.§1915(g) from proceeding <u>in forma pauperis</u> in this Court, and it is therefore further recommended that the plaintiff's motion to proceed <u>in forma pauperis</u> be denied (DE#2).

Dated this 15th day of January, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Seburt Nelson Connor, <u>Pro Se</u>
    DC#124517
    Union CI
    Address of Record